Curia, per Evans, J.
. By the 30th section of the Act passed in 1731, for “the remission of arrears of quit rents,” (fee. it is enacted, “that the record of .all grants and deeds duly proved before a justice of the p.eace according to the usual method, and recorded, or to be recorded, in the Regis» *22 ter’s office of this Province, and also the attested copies thereof, shall be deemed to be as good evidence in the law, and of the same force and effect, as the original would have been if produced, in all the courts of law and equity.” 3 Stat. 303. These words taken per se would authorize the admission of copies in all cases instead of the originals; but in the case of Purvis vs. Robinson, 1 Bay, 493, it was decided, on the construction of the whole Act, that the copy was evidence only on proof of the loss of the original. This is the only restriction or limitation which has ever been put on the comprehensive words of the statute, and the propriety and correctness of this restriction is much questioned in the reporter’s note to tire case of Peay vs. Picket, 3 McC. 325. In this last case, in McMullen vs. Brown, Harp. 76, and many other cases, copies from the register’s office were admitted without any other proof than the loss of the original. But in the case of Dingle vs. Bowman, 1 McC. 177, the identical question made in this case was decided. There, on proof of loss of the original, a copy from the record was offered in evidence. If was insisted that the subscribing witnesses should be produced, and the circuit judge, without reference to the statute, rejected the copy as inadmissible without the examination of the subscribing witnesses, and nonsuited the plaintiff. But the Appeal Court set aside the nonsuit, on the ground that although such evidence might be necessary at common law, which always requires the best evidence, it was not necessary under the Act of 1731, before recited. The same question was again decided in the case of Turnipseed vs. Hawkins, 1 McC. 272. I have thought it proper to say thus much on this question, because it is gravely made by one of the grounds of appeal, and the case of Dingle vs. Bowman seems to have been lost sight of, although it is not necessary to the decision of the case under consideration, as in cases of presumptions arising from length of time, it is wholly immaterial whether the possession commenced with or without a deed. Ever since the case of McClure vs. Hill, 2 Mill. 420, it has been regarded as the settled law in this State, that twenty years continuous adverse possession is as good a title as a grant or a deed* *23 where there is an absence of any of those facts which go to rebut the presumption. After a possession continued for so long a time, undisputed by any and acquiesed in by all, the law will presume that the possession in its incipi-ency was rightful, and that the tenant when he took possession did so under a grant or deed or whatever may be necessary to invest him with the legal title. He who claims under a presumption of a grant is entitled to stand on the same ground as if he produced the grant. The law sub-, stitutes the presumption in the place of the grant. The case is wholly unlike a title under the statute of limitations. One who claims under the statute was a trespasser throughout. His possession began in a trespass, and so continued until the statutory time had run out; and therefore it was properly held, in King vs. Smith, that until his title was perfected he could not convey, and consequently that possession, or in other words several distinct trespasses, could not be joined together so as to defeat the title of the true owner. The reasons for this do not apply to one claiming under a presumption arising from length of time. He is regarded as claiming under a grant or deed co-existent with his possession. This ground was not pressed in the argument, and was given up by one of the learned counsel who argued the case, but it was contended there was something in the third ground, viz. that the State had granted the land to McLeod before the twenty years had run out, and that this rebutted the presumption arising from the acquiescence of the State. It does not seem to me this circumstance can make any difference. The presumption does, as he supposes, depend, in part at least, on the acquiescence of the owner for so long a time. But the grant to McLeod cannot be considered as any assertion of title to the land. Every one knows that a grant may be obtained for any land, whether before granted or not, or occupied or unoccupied. It is the act of the grantee, from which no inference to rebut the presumption can arise. It can make no difference that during a part of the time the land was owned by successive owners. Such a circumstance would not prevent the statute of limitations from running where there was no disability to sue. It has never been considered as an' objection in the analagous *24 case of a right of way, that the land over which the way passed had had successive owners within the period of prescription. I should consider the presumption as strengthened, rather than weakened, by the fact that successive owners had acquiesed in the possession as rightful during the whole period of twenty years.
This court is of opinion there was no error in the instructions of the circuit court on any of the points excepted to in the notice.of appeal, and the motion for a new trial is dismissed.
Richardson, O’Neall, Butler, Wardlaw and Frost, JJ. concurred.